

IT IS ORDERED

Date Entered on Docket: March 10, 2017

_____
**The Honorable Robert H Jacobvitz**
**United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW MEXICO

In re:

RANDY LEE WIDING,  Case No. 15-12207-j7

    Debtor.

### DEFAULT ORDER GRANTING MOTION FOR RELIEF FROM STAY AND ABANDONMENT OF PROPERTY

This matter came before the Court on the *Motion for Relief from Stay and Abandonment of Property* filed on February 3, 2017, Docket No. 67 (the "Motion") by Creditor First American Bank ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

    1.    On August 18, 2015 (the "Petition Date"), Debtor Randy Lee Widing ("Debtor") commenced this case by filing a voluntary petition under Chapter 13 of the Bankruptcy Code;

    2.    On January 26, 2017 Debtor converted his case to one under Chapter 7 of the Bankruptcy Code. *See* Notice of Conversion Doc. No. 64);

    3.    On February 3, 2017, Movant filed its Motion;

4. On February 3, 2017, Movant served the Motion and a notice of the Motion (the "Notice") on the Trustee by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor by United States first class mail, in accordance with Rules 7004 and 9014 Fed.R.Bankr.P.;

5. On February 3, 2017, Movant filed the Notice with the Court (Doc. No. 68);

6. The Motion relates to the following real property:

```
LOT FOUR (4), BLOCK EIGHT (8), L LAZY V ESTATES, IN THE COUNTY OF
LUNA, NEW MEXICO, AS THE SAME IS SHOWN AND DESIGNATED ON PLAT
SLIDE NO. 565-567, THEREOF FILED FOR RECORD IN THE OFFICE OF THE
COUNTY CLERK OF SAID COUNTY ON JULY 8, 2004, PLAT RECORDS, LUNA
COUNTY, NEW MEXICO.
```

A simple description of the real property in commonly used terms is 1150 El Portal Road SE, Deming, New Mexico 88030 (the "Property").

7. The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which three days was added under Bankruptcy Rule 9006(f);

8. The Notice was sufficient in form and content;

9. The objection deadline expired on February 27, 2017;

10. As of March 6, 2017, neither the Debtor, nor the Trustee, nor any other party in interest, filed an objection to the Motion;

11. The Motion is well taken and should be granted as provided herein; and

12. By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies by an affidavit filed March 6, 2017 (Doc. No. 74), based upon information and belief, Debtor Randy Lee Widing is currently not an active member of any branch of the military service.

IT IS THEREFORE ORDERED:

1.  The automatic stay pursuant to 11 U.S.C. 362 is hereby modified to allow Movant to enforce all of its contract, state law, and/or other rights against the Property.

2.  The automatic stay is modified to permit the Movant, to the extent permitted by applicable non-bankruptcy law, to foreclose on the Property and otherwise enforce all its rights with regard to the Property, including any rights to sell the Property by judicial or non-judicial means and apply the proceeds therefrom to the obligation owed to Movant by the Debtor, and doing whatever else may be necessary to preserve and conserve Property.

3.  The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. § 554, and the Property no longer is property of the estate. Therefore, Movant need not name the Trustee as a defendant in any state court action it may pursue with respect to the Property and need not notify the Trustee of any sale of the Property.

4.  The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, although the Debtor can be named as a defendant in litigation to obtain *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

5.  This Order does not waive Movant's claim against the bankruptcy estate for any deficiency owed by the Debtor after disposition of the Property. Movant may file a proof of claim in this bankruptcy case within 30 days after a sale of the Property, should it claim that the Debtor owe any amount after the sale of the Property.

6.  This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

7. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

XXX END OF ORDER XXX

SUBMITTED BY:

SUTIN, THAYER & BROWNE
A Professional Corporation


By *s/ submitted electronically*
        Katharine C. Downey
Attorneys for Movant
Post Office Box 1945
Albuquerque, New Mexico  87103-1945
Telephone:  (505) 883-2500
Facsimile:  (505) 888-6565
E-mail:  kcd@sutinfirm.com



COPIES TO:

Debtor
Randy Lee Widing
1150 El Portal Road SE
Deming, NM  88030

Attorney for Debtors
Arun A. Melwani
Melwani Law P.C.
10749 Prospect Ave. NE, Suite F
Albuquerque, NM  87112

Trustee
Clarke C. Coll
P.O. Box 2288
Roswell, NM  88202

4172220